UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| TAMMY STILTNER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 16-16-ART |
| ) | |
| v. ) | |
| ) | |
| BIO-MEDICAL APPLICATIONS OF ) | **MEMORANDUM OPINION** |
| KENTUCKY, INC., and TAMARA ) | **AND ORDER** |
| HATLER, ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Tammy Stiltner sued Bio-Medical Applications of Kentucky, Inc., and its employee Tamara Hatler in Kentucky state court. R. 1-1. The defendants removed the case to federal court on the basis of diversity jurisdiction. R. 1. Stiltner now moves to remand the case back to state court because she and one of the defendants, Tamara Hatler, reside in the same state. R. 12. Under these circumstances, a federal court normally does not have jurisdiction. To avoid remand, therefore, the defendants must show that Stiltner fraudulently joined Hatler to this suit in an effort to defeat federal jurisdiction. As explained below, the defendants have failed to make that showing, and thus the Court will grant Stiltner's motion to remand.

I.

Tammy Stiltner worked for Bio-Medical Applications of Kentucky as a dialysis technician. R. 1-1 at 2-3. But there was a problem. To work as a dialysis technician, Stiltner needed dialysis technician credentials. And she did not have them. So in November 2014, Stiltner applied to the Kentucky Board of Nursing for her credentials. *Id.* at 3; *see* 201

Ky. Admin. Reg. ("KAR") 20:470 § 2(1). But the state required her to undergo training first. Ky. Rev. Stat. § 314.137; 201 KAR 20:470 § 2(2). Stiltner's employer, Bio-Medical, offered a training program, which she completed in January 2015. *Id*. According to Stiltner, the training coordinator, Tamara Hatler, told her and the other trainees that they could start working as dialysis technicians immediately. Kentucky law required Hatler or someone else from Bio-Medical to submit paperwork to the Board of Nursing showing that Stiltner had completed her training. And they were required to do so within three days of the end of training. 201 KAR 20:470 § 7(11). According to Stiltner, however, nobody submitted the paperwork until late March or early April 2015. R. 1-1 at 3.

In the meantime, Stiltner worked as a dialysis technician, assuming that the defendants had submitted the paperwork. *Id.* at 4. But when the Board of Nursing learned she was working without credentials, it filed a complaint. *Id*. Stiltner retained counsel and settled with the Board. *Id.* at 5. Then she sued the defendants. In her complaint, she argues that they had a duty to submit paperwork to the Board of Nursing within three days and that they breached that duty. R. 1-1 at 3–4. As a result, Stiltner says, she was investigated by the Board of Nursing, lost wages, and suffered emotional distress. *Id.* at 8.

## II.

### A.

At first blush, it would appear that the Court lacks diversity jurisdiction over this case. A federal court lacks diversity jurisdiction, of course, if at least one of the plaintiffs and one of the defendants are citizens of the same state. *See, e.g.*, *Wis. Dep't of Corrs. v. Schacht*,

524 U.S. 381, 388 (1998). Tamara Hatler is a citizen of Kentucky. So is Stiltner. Thus, it would seem that the Court has no jurisdiction to hear Stiltner's claims.

The defendants respond that Hatler was fraudulently joined. The doctrine of "fraudulent joinder" allows federal courts to sever a non-diverse defendant from a case when the claim against him is "so frivolous that its only conceivable purpose is to destroy diversity and prevent removal." *Murriel-Don Coal Co., Inc. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 592 (E.D. Ky. 2011). Under this doctrine, the court's inquiry is "even more favorable to the plaintiff" than it is to a plaintiff facing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 & n.5 (6th Cir. 2011) (internal quotation marks omitted). To keep the case in federal court, the defendants must "present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). This is a "heavy burden"—the plaintiff's claim against the non-diverse defendant must not have even "a glimmer of hope." *Murriel–Don Coal Co.*, 790 F. Supp. 2d at 597 (internal quotation marks omitted). The Court will resolve in the plaintiff's favor any disputed questions of fact and ambiguities in the controlling state law. *Coyne*, 183 F.3d at 493. All doubts are resolved in favor of remand. *Id*.

The Court has previously expressed its concerns with the fraudulent-joinder doctrine. *See, e.g.*, *Murriel–Don Coal Co.*, 790 F. Supp. 2d at 594–97. A federal court first must establish jurisdiction over a claim before proceeding to the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). But the fraudulent-joinder doctrine requires a court to examine the merits of a claim over which it might not have jurisdiction.

3

*Murriel–Don Coal Co.*, 790 F. Supp. 2d at 595. There is a better way: Let state courts determine whether state-law claims against non-diverse defendants are valid. The state courts are well equipped to do so, and this way the federal courts can avoid passing judgment on the merits of cases over which they lack jurisdiction. *Id.* at 596. Nevertheless, fraudulent joinder remains the law of the Sixth Circuit. As such, the Court will apply it here. *Id.*

Stiltner brought a negligence *per se* claim against Hatler for violating a Kentucky regulation: 201 KAR 20:740 § 7. A negligence *per se* claim is like an ordinary negligence claim except that the plaintiff alleges that someone violated a statute or regulation rather than a common-law duty of care. *See Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 613 (E.D. Ky. 2014) (internal quotation marks omitted); *see also Centre Coll. v. Trzop*, 127 S.W.3d 562, 566 (Ky. 2003) (internal citations omitted) (stating that administrative regulations have the force and effect of law). In Kentucky, "[a] person injured by the violation of any statute [or regulation] may recover from the offender such damages as he sustained by reason of the violation[.]" Ky. Rev. Stat. § 446.070. The question, therefore, is whether Stiltner has even "a glimmer of hope" of succeeding on her negligence *per se* claim against Hatler under Kentucky law. *See Murriel–Don Coal Co.*, 790 F. Supp. 2d at 597 (internal citations omitted).

To recover for negligence *per se*, a plaintiff in a Kentucky court must meet several conditions. She must allege that the defendant violated a Kentucky law, not a federal law or local ordinance. *See Young v. Carran*, 289 S.W.3d 586, 589 (Ky. Ct. App. 2008). That the Kentucky statute or regulation does not provide a cause of action. *Id.* Next, "[t]he plaintiff must be within the class of persons the law is intended to protect, and the legislature must

4

have intended the statute to prevent the type of occurrence that took place." *Christensen*, 24 F. Supp. 3d at 613 (internal citations omitted). Finally, the alleged violation of that law "must have been a substantial factor in causing the plaintiff's injury." *Id.* (internal citations omitted).

Here, Stiltner has alleged a violation of a Kentucky law, 201 KAR 20:740 § 7, that does not offer a separate cause of action. Granted, the Kentucky courts as of yet have not said whom this regulation is intended to protect and what it is intended to prevent. But it is at least arguable that a regulation requiring training administrators to submit paperwork to the Board of Nursing is (a) intended to protect aspiring dialysis technicians who need that paperwork to receive their credentials, and (b) intended to prevent administrators from not submitting the paperwork. Moreover, it is at least arguable that Hatler's failure to comply with the regulation was a substantial cause of Stiltner's injury. And for purposes of fraudulent joinder, arguable is enough. As such, Stiltner has a "glimmer of hope" of succeeding against Hatler in state court.

The defendants offer three reasons that she does not. First, they argue that they did not actually violate 201 KAR 20:740 § 7. In support of that argument, they assert that they did not need to submit the particular paperwork that Stiltner says they needed to submit. According to Stiltner, the regulation required Hatler to send the Board of Nursing a "Training Program Completion Certificate" within three days of the end of the program. R. 1-1 at 3. The defendants read the regulation differently—they argue that Hatler had to submit only a "list of program graduates" within three days. R. 16 at 7.

When considering a claim of fraudulent joinder, the Court must construe the complaint liberally in the plaintiff's favor. *Walker*, 443 F. App'x at 953 & n.5. And even assuming that she used the wrong words in her complaint, Stiltner nevertheless has at least some hope of recovering from Hatler under Kentucky law. Stiltner alleges that Hatler (and Bio-Medical) failed to submit to the Board of Nursing documents that Kentucky requires them to submit within three days. She cites the correct regulation. R. 1-1 at 3. And a "Training Program Completion Certificate" arguably communicates the same information to the Board as a "list of graduates" would—that Stiltner had completed the program. A court could find that Stiltner adequately pled her negligence *per se* claim against Hatler. The defendants' first argument therefore fails.

Second, the defendants argue that the exclusive-remedy provision of the Kentucky Workers' Compensation Act prevents Stiltner from recovering against Hatler in court. R. 1 at 3; *see* Ky. Rev. Stat. § 342.690. Under the Act, workers' compensation is the exclusive remedy for an employee injured by a coworker's negligence. Ky. Rev. Stat. § 342.690(1). The employee thus cannot sue her coworker to recover for that injury. But workers' compensation provides a remedy only for physical injuries or psychological damage *arising from a physical trauma*. *See id.* § 342.0011 (defining "injury" to exclude "psychological, psychiatric, or stress-related change" unless it is the "direct result of a physical injury"); *see also Kubajak v. Lexington-Fayette Urban Cty. Gov't*, 180 S.W.3d 454, 459 (Ky. 2005) ("The statute requires that a psychological, psychiatric, or stress-related change in the human organism must be 'a direct result of a physical injury.'"); *McCowan v. Matsushita Appliance Co.*, 95 S.W.3d 30, 33 (Ky. 2002) (allowing an employee to recover workers' compensation

6

for a physical injury—a heart attack—that resulted from emotional trauma). And Stiltner is not seeking recovery for either physical injuries or physical trauma; she is seeking to recover for emotional damages and medical expenses. R. 1-1 at 6–8. Neither arose from an alleged physical trauma. Her injuries therefore are not remediable under Kentucky's workers' compensation law. *Kubajak*, 180 S.W.3d at 459. That law does not bar her from seeking recovery in court.

The defendants disagree. They cite an unpublished Sixth Circuit opinion, *Roof v. Bel Brands USA*, for the proposition that workers' compensation covers non-physical injuries. *See* R. 16 at 4–5 (discussing *Roof v. Bel Brands USA, Inc.*, No. 15-5105, 2016 WL 463461 (6th Cir. Feb. 8, 2016)). There, the Sixth Circuit stated point-blank that "[t]he KWCA provides the exclusive remedy where an employee is injured by her employer's negligent actions." *Id.* But *Roof* does not control the analysis in this case. It is unpublished and thus not binding authority upon this Court. *See United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007). Moreover, that statement in *Roof* is contrary to the rule announced in the two Kentucky Supreme Court cases noted above: *Kubajak* and *McCowan*. On questions of Kentucky law, this Court is bound by the published opinions of the Kentucky Supreme Court. *In re Darvocet*, 756 F.3d 917, 937 (6th Cir. 2014). Therefore, the Court declines to follow the statement in *Roof* to the extent that it departs from the well-established rule that the Kentucky Supreme Court has announced. Under that rule, the Kentucky Workers' Compensation Act does not keep Stiltner out of court.

Finally, the defendants argue that Stiltner "fails to state a claim against Hatler in her individual capacity." R. 16 at 8. They contend that Stiltner is suing Hatler only as an agent

7

of Bio-Medical and that Hatler therefore should be dismissed from the case. *Id.* Stiltner's complaint does indeed state that Hatler is an agent of Bio-Medical. R. 1-1 at 2. But other features of the complaint show that Stiltner "did not intend to limit [her] action to one vicarious liability claim against" Bio-Medical. *Bowman v. Baggett*, No. 4:14CV-00021-JHM, 2014 WL 2740573, at *2 (W.D. Ky. June 17, 2014). Most obviously, "the complaint names two Defendants—not just one." *Id.* It alleges that the "defendants' negligence"—plural—caused Stiltner's emotional pain and suffering. R. 1-1 at 6. It seeks to impose joint and several liability on the defendants. *Id.* at 8. And it describes the negligent conduct that Hatler, the individual, allegedly committed: telling the trainees that they were immediately eligible for work and then failing to submit the necessary paperwork to the Board of Nursing. *Id*. at 3. Construing the complaint liberally—as the Court must, *see Walker*, 443 F. App'x at 953 & n.5—Stiltner has brought a negligence *per se* claim against both Hatler as an individual and Bio-Medical.

In response, the defendants assert that this case is indistinguishable from *Current v. Merrill Lynch*, in which the Western District of Kentucky held that the plaintiff had pled only a vicarious-liability claim against an employer and had not pled a claim against its employee. *See Current v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. CIV A 3:08CV-324-S, 2009 WL 530766 (W.D. Ky. Mar. 3, 2009). Thus, the court held, the employee was fraudulently joined. *Id.* at **1–4. But this case is distinguishable from *Current*. There, the plaintiff sued the employee only in his official capacity. *Id.* at *2. Here, as already discussed, a fair reading of the complaint shows that Stiltner has brought a colorable suit against Hatler—the individual. Moreover, the defendants point to no word from the Kentucky legislature or

courts—which, of course, would be the authority on Kentucky law—barring a negligence *per se* claim against both an employee individually and her employer.  Indeed, Kentucky seems to think the opposite.  As the Western District of Kentucky itself has recognized, "well-settled Kentucky law provides that 'the servant whose negligent act creates the liability of the corporation may, as a matter of right, be joined as a defendant with the corporation.'" *Brewer Mach. & Conveyor Mfg. Co. v. Old Nat'l Bank*, 248 F.R.D. 478, 481 (W.D. Ky. 2008) (quoting *Enos v. Ky. Distilleries & Warehouse Co.*, 189 F. 342, 346 (6th Cir. 1911)).  And because a court must construe the plaintiff's complaint in her favor, in a later fraudulent-joinder case the Western District declined to follow *Current*.  *See Bowman*, 2014 WL 2740573, at *2.  Likewise, this Court must resolve all doubts in favor of remand.  *Coyne*, 183 F.3d at 493.  In any event, the Court is not bound by an opinion—let alone an unpublished opinion—from another district court.  For these reasons, the Court declines the defendants' invitation to follow *Current*.

In sum, the defendants bear the burden of showing that Stiltner's claim against Hatler lacks even a "glimmer of hope."  *Murriel–Don Coal Co.*, 790 F. Supp. 2d at 597.  Will Stiltner prevail on her negligence *per se* claim against Hatler?  Maybe, maybe not.  But have the defendants proven she will not?  No.  In the absence of such evidence, the Court holds that Hatler was not fraudulently joined.  Thus, because Hatler and Stiltner are both Kentucky citizens, the Court lacks diversity jurisdiction over this case.

## CONCLUSION

Accordingly, it is **ORDERED** that Stiltner's motion to remand, R. 12, is **GRANTED**. All other pending motions are denied without prejudice to being raised in state court. This case is remanded to Pike County Circuit Court.

This the 10th day of June, 2016.

Signed By:
*Amul R. Thapar* AT
United States District Judge